IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIRECTV INC.,

     Plaintiff,                                      No. CIV S-03-1055 MCE GGH

vs.

WILLIE WATSON, et al.,                   <u>ORDER AND</u>
                                                    <u>FINDINGS AND RECOMMENDATIONS</u>
     Defendants.

_____/

        Presently before the court is plaintiff's motion for entry of default judgment against defendant Phong Van, filed February 24, 2005.[1] Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following order and findings and recommendations.

<u>BACKGROUND</u>

        On May 19, 2003, plaintiff filed the underlying complaint in this action against, <u>inter alia</u>, defendant Phong Van, alleging defendant purchased and used pirate access devices to permit viewing of plaintiff's direct broadcast satellite system programming, in violation of, <u>inter alia</u>, the Communications Act, 47 U.S.C. § 605 and the Federal Wiretap Laws, §§ 2511(1)(a) and

---

[1] The matter was originally scheduled for hearing on April 7, 2005; however, it was vacated after the court determined that a hearing was not necessary. Order, filed March 31, 2005.

2512(1)(b).  The complaint alleges defendant Phong Van purchased one or more Pirate Access Devices from Intertek, including four "Intertek Blue Unlooper[s]."  The summons and complaint were served on defendant Phong Van on August 31, 2003.  Fed. R. Civ. P. 4(e)(2).  <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendant Phong Van has failed to file an answer or otherwise appear in this action.  The clerk entered default against defendant Phong Van on January 28, 2004.

Notice of entry of default and the instant motion for default judgment and supporting papers were served by mail on defendant Phong Van at his last known address.  Defendant Phong Van did not file an opposition to the motion for entry of default judgment.  Plaintiff seeks an entry of default judgment in the amount of $40,000 against defendant Phong Van.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state claims for which relief can be granted.  <u>Anderson v. Air West</u>, 542 F.2d 1090, 1093 (9th Cir. 1976).

The court is aware of the discrepancy in the relief requested in the complaint in the event of default and the relief requested in the instant motion.  The complaint requests, in the event of default, an award of damages pursuant to 47 U.S.C. § 605(e)(4) (The Communications Act.)  Complaint at 9:23-25.  Section 605(e)(4), however, prohibits manufacture, assembly, modification, import, export, sale or distribution of pirate access devices.  It does not apply to possessors or users of pirate devices, such as defendant.  Notwithstanding the prayer of the complaint, the instant motion for default judgment requests damages pursuant to 18 U.S.C. § 2520(c)(2)(B) (The Wiretap Act), or 47 U.S.C. § 605(a) in the alternative.  The complaint prays for 18 U.S.C. § 2520(c)(2) relief as well as relief under 47 U.S.C.§ 605(e)(3)(C)(i)(II) in the

2

event of trial.  Complaint at 9:26-28.  In any event, 18 U.S.C. § 2520 (a) does permit a private cause of action against users of pirate devices.  Compare Directv, Inc., v. EQ Stuff, Inc., 207 F.Supp. 2d 1077 (C.D. Cal. 2002) (private cause of action against *users* of pirate devices); with Directv v. Amato, 269 F. Supp. 2d 688 (E.D. Va. 2003) (no private cause of action for *possessor* of pirate devices).

Whether to award damages under the wiretap law may be discretionary. Compare Nalley v. Nalley, 53 F.3d 649 (4th Cir. 1995); Romano v. Terdik, 939 F.Supp. 144 (D.Conn. 1996); with Menda Biton v. Menda, 812 F.Supp. 283 (D. Puerto Rico 1993) (no discretion).

In a private action against a user of a pirate device, section 2520(c)(2)(B) provides an award of damages in the greater amount of $100 per day or $10,000. Plaintiff seeks an award of $40,000 against defendant Phong Van for three violations through the purchase of four Pirate Access Devices.

The language of 18 U.S.C. § 2520(c)(2) specifically provides as follows:

> In any other action under this section, the court may assess as damages whichever is the greater of--
>
> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
>
> (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(c)(2)(emphasis added).  Thus, the $10,000 amount under § 2520(c)(2)(B), unlike the $100 amount, has no per violation authorization.  In light of this statutory language, the undersigned will recommend that plaintiff be awarded judgment in the total amount of $10,000, even though defendant Phong Van is alleged to have purchased and used four Pirate Access Devices.  See Smoot v. United Transp. Union, 246 F.3d 633, 642 (6th Cir. 2001)("[U]nder § 2520(c)(2)(B), the $10,000 liquidated damages amount may not be applied per violation of the Act if the violations are 'sufficiently interrelated and time-compacted'.

Specifically, 'the $10,000 is designed to compensate a plaintiff for all of the transgressor's misdeeds under the [Act] arising out of a closely related course of conduct that takes place over a relatively short period of time.'").[2]

The court deems defaulting defendant, by his failure to appear or defend this action, to have waived any objections to the statutory source of the damages prayed for in the instant motion. The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment supports the finding that plaintiff is entitled to the relief requested, as limited by the law set forth above. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Directv also seeks $2,392.00 in attorneys' fees, and costs in an undetermined amount. Under 18 U.S.C. § 2520(b)(3), plaintiff is entitled to such fees and costs. The court finds the requested attorneys' fees to be reasonable and grants plaintiff's request. Plaintiff may submit a bill of costs in accordance with Federal and local rules.

In view of the foregoing findings, IT IS RECOMMENDED that plaintiffs' motion for entry of default judgment be GRANTED in part. Judgment should be rendered in the amount of $10,000 in damages and $2,392.00 in attorneys' fees against defendant Phong Van.

In addition, IT IS ORDERED that the Clerk of the Court shall serve these findings and recommendations on the defaulting defendant at the addresses indicated on plaintiff's proof of service of the instant motion.

These findings and recommendations are submitted to the Honorable Morrison England, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

---

[2] The undersigned is unaware of any published Ninth Circuit decision addressing this issue and plaintiff has cited no such decision. Plaintiff has cited one district court case which it claims holds that each device purchased constitutes a separate violation, Community Television systems, Inc. V. Caruso, 134 F. Supp.2d 455, 460-61 (D. Conn. 2000); however, the court does not read the case to so hold, and in any event it is not binding on this court and will not be followed.

4

Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 4/20/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
direct1055.fr.wpd